UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAWN CRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00213-TWP-CSW |
| | ) | |
| LUNSFORD Capt., | ) | |
| FREEMAN Sgt., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO RECONSIDER ORDER STRIKING DOCKETS 42 AND 43 AND FOR LEAVE TO AMEND**

This matter is before the Court on Plaintiff Shawn Craft's Motion to Reconsider Order Striking Dockets 42 and 43 and for Leave to Amend. (Dkt. 54). The Court struck Mr. Craft's Amended Complaint, (Dkt. 42), and Amended Brief-in-Support of Civil Complaint, (Dkt. 43), as untimely and as filed without leave of the Court. (Dkt. 50). For the foregoing reasons, his motion to reconsider is **denied**.

## I. TIMELINESS

In its Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation, the Court established a deadline to "file a motion for leave to amend with the proposed amended pleading attached" of July 20, 2026. (Dkt. 34). Mr. Craft filed a Motion for Continuance, seeking an extension of the deadline to August 30, (Dkt. 35), and the Court granted the motion in part, and extended the deadline to August 19, 2026. (Dkt. 36). Per the docket, Mr. Craft's Amended Complaint was filed on August 2, 2026. (Dkt. 42; *see* dkt. 43).

The Court's order striking Mr. Craft's Amended Complaint twice references the July 20, 2026 deadline rather than the August 19 deadline. This scrivener's error did not change the analysis

based on the information the Court had at the time; the docket reflected that Mr. Craft's Amended Complaint was untimely.

In his motion to reconsider, Mr. Craft argues that he delivered the Amended Complaint to his New Castle Correctional Facility case manager on August 18, 2026 and that the Amended Complaint is timely pursuant to the "prison mailbox rule." Under the "prisoner mailbox rule," a prisoner's document is treated as filed when the prisoner places it in the prison mail system. *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). A prisoner invoking the rule must submit: "(1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid." *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) (internal quotation and citation omitted).

Mr. Craft has submitted a declaration under penalty of perjury that he provided the Amended Complaint to his case manager for mailing on August 18. (Dkt. 54 at 5). For purposes of this Order, the Court accepts that Mr. Craft timely filed the Amended Complaint under the "prison mailbox rule."

## II. <u>LEAVE OF COURT</u>

The Court additionally struck the Amended Complaint because Mr. Craft filed it without the Court's leave. Mr. Craft argues that he "did not understand that [a] separate motion [for leave] was required and mistakenly believed that sending the amended complaint and supporting brief satisfied the Court's directions." (Dkt. 54 at 2). Yet, the Court's Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation clearly and unambiguously indicates that, if Mr. Craft "wants to amend [his] Complaint, . . . [he] must file a motion for leave to amend with the proposed amended pleading attached[.]" (Dkt. 34 at 3). The Pretrial Schedule Order further describes the

motion, stating that "[t]he motion for leave to file an Amended Complaint must explain how the Amended Complaint differs from the most recently filed Complaint." (*Id.*). At the outset of this case, Mr. Craft received a Notice to *Pro Se* Litigants, which informed him that he must "comply with the Federal Rules of Civil Procedure and this Court's Local Rules." (Dkt. 4). Indeed, both Rule 15(a)(2) of the Federal Rules of Civil Procedure—"a party may amend its pleading only with the opposing party's written consent or the court's leave"—and Rule 15-1(a) of the Local Rules—describing "[a] motion to amend a pleading"—describe the necessity of the Court's leave and a motion.

As the Court has previously expressed, it "is mindful that Mr. Craft is a *pro se* prisoner." (Dkt. 50 at 3). "But[,] being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). "Filing an amendment to a complaint without seeking leave of court or written consent of the parties[,]" as Mr. Craft has done here, "is a nullity." *Friedman v. Skokie*, 763 F.2d 236, 239 (7th Cir. 1985).

## III. REQUEST FOR LEAVE TO AMEND

In the instant motion, Mr. Craft not only seeks reconsideration of the Court's decision to strike his amended complaint, but he also alternatively moves for leave to amend.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). Still, the Court may deny leave to amend if "there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015)

(citing *Forma v. Davis*, 371 U.S. 178, 182 (1962)). In this instance, Mr. Craft's proposed amendment is futile.

The proposed amended complaint includes no recitation of Mr. Craft's allegations, instead reading: "See, Exhibit, typed letter outline all facts briefly. . . . Also, see Amended Brief-in-Support." (Dkt. 42 at 2 (stricken)). The proposed amended complaint includes 105 pages of attached exhibits. (Dkt. 42-1 (stricken)). While the Court *may* consider documents attached to a complaint, it is Mr. Craft's burden to plead a short and plain statement of his claims. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). His proposed amended complaint is wholly devoid of a statement of his claims beyond merely referring the Court to other documents encompassing 105 pages.

Moreover, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Craft's proposed amended complaint alleges no facts, and the allegations of his first complaint, (Dkt. 1), cannot be imbued onto this amended complaint.[1] And, again, while the Court *may* consider exhibits to Mr. Craft's amended complaint, to consider them at this point would circumvent the "simple and plain statement requirement" of Fed. R. Civ. P. 8(a)(2) and impose an unjustifiable burden on the Court. The Court will not sift through these documents to discern their potential relevance—and to extrapolate out Mr. Craft's claims—at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

[1] "For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017).

As was his original complaint, (*see* Dkt. 23), Mr. Craft's proposed amended complaint is subject to screening under 28 U.S.C. § 1915A. Given the foregoing analysis and the proposed amended complaint's lack of a short and plain statement of his claims, the proposed amended complaint fails to state a claim upon which relief may be granted, would be subject to dismissal under 28 U.S.C. § 1915A, and is therefore futile such that the Court will deny leave to amend.

## IV. CONCLUSION

For the reasons explained herein, Mr. Craft's Motion to Reconsider Order Striking Dockets 42 and 43 and for Leave to Amend, Dkt. [54], is **DENIED**. The Complaint at docket 1, filed January 31, 2025, remains the operative Complaint.

**IT IS SO ORDERED.**

Date: November 6, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

SHAWN CRAFT
111252
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com